## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CARLOS J.  MOCZA and all others
similarly situates under 29 U.S.C. 216(b),

*Plaintiff,*

v.

AEROPACE PRECISION METALS,
INC., TINA MULDOON, TIMOTHY J.
MULDOON,

*Defendants.*

CASE NO: 15-60421-CIV-WJZ

## UNOPPOSED MOTION TO AMEND
## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Aerospace Precision Metals, Inc. ("APM"), Tina Muldoon ("Mrs. Muldoon") and Timothy Muldoon ("Mr. Muldoon") (collectively, Defendants), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 15(a)(2) and Southern District Local Rule 15.1, respectfully file this Motion to Amend their Answer and Affirmative Defenses and in support thereof state as follows:

## INTRODUCTION

On March 2, 2015, Plaintiff filed his Complaint against Defendants alleging certain violations of the Fair Labor Standards Act.  D.E. 1.  On April 1, 2015, Defendants timely filed their Answer and Affirmative Defenses – admitting therein that Defendant Mr. Muldoon was an owner of APM.  D.E. 12 at ¶5.  On June 18, 2015, Plaintiff served upon Defendants certain discovery requests.  In preparing the responses to Plaintiff's discovery requests, it came to

Defendants' counsels' attention that Mr. Muldoon was not an owner of APM.  It further came to Defendants' counsels' attention that the manner in which Plaintiff had been paid – as a commissioned employee who received biweekly draws on future commissions – necessitated the addition of a fifth Affirmative Defense. Defendants now move this Court for leave to amend their answer and affirmative defenses.

## STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  "Denial of such a motion is proper when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." *Williams v. R.W. Cannon, Inc.*, 2008 WL 2229538, at *2 (S.D. Fla. May 28, 2008).  With respect to affirmative defenses, the futility standard "necessarily merges with the standard for striking defenses under Rule 12(f), Fed.R.Civ.P." *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc., 2013 WL 4496510, at *1 (S.D. Fla. Aug. 22, 2013).* Under Rule 12(f), the Court may – on its own initiative – strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12.

## MEMORANDUM OF LAW

**I.     Affirmative Defense is Not Futile**

Defendants seek to add an affirmative defense based upon 29 U.S.C. § 207(i).  That section reads:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the

> minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C.A. § 207(i).  Defendants note that in some Circuits, exemption under §207(i) does not need to be pled as an affirmative defense, as long as it is presented at the pre-trial conference. *See, Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 307 (7th Cir. 1986)("Section 7(i) is not an affirmative defense that should have been raised in the pleadings. It is a method of complying with the Act…"); and *Brock v. City of Cincinnati*, 236 F.3d 793, 810 (6th Cir. 2001)(reasoning that the provisions of §207 determine applicability and need not be pled, while §213 sets out exemptions that must be pled).  Because Defendants have been unable to find analogous cases out of the 11th Circuit – and because there seems to be some confusion regarding the matter – Defendants desire to add §207(i) relief as an affirmative defense to avoid the possibility of losing the defense at a later time.  Defendants note that granting such relief puts Plaintiff on notice of Defendants' defenses and gives him the greatest to opportunity to marshal his case in opposition.

## II.   Denial of the Motion Would Be Improper

**1.**   Amendment is Not Prejudicial

Defendants' proposed amendments, adding an affirmative defense and correcting the record as to the nature of Mr. Muldoon's association with APM, do not prejudice Plaintiff.  As noted above, without the affirmative defense, Defendants may still be allowed to rely on §207(i) at a later date.  While amending here gives Defendant the confidence that such reliance will not later be rejected, it also serves Plaintiff by putting Plaintiff on notice of the defense.  As to Mr. Muldoon, even without the amendment, Plaintiff would still be – and still is – required to prove

that Mr. Muldoon was an employer under the FLSA.  Amending at this time makes that task no more difficult, it merely apprises Plaintiff of one of the facts that Plaintiff may have assumed were not in contention.  Plaintiff's decision not to oppose this Motion stands as further evidence of the non-prejudicial nature of the requested relief.

      **2.**    There Has Been No Bad Faith or Undue Delay

As noted above, Defendants' counsel learned of the issues that require amendment as a result of responding to Plaintiff's discovery requests.  Defendants responded to Plaintiff's discovery requests on Friday, July 17, 2015.  On Monday, July 20, 2015, Defendants' counsel contacted Plaintiff's counsel regarding the relief herein requested.  On Tuesday, July 21, 2015, Plaintiff's counsel gave Defendants permission to file this motion unopposed.  Defendants have been diligent in their attempt to correct the record and apprise Plaintiff of their defenses.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants request this Court enter an Order granting the relief herein requested and allowing Defendants to file the Amended Answer attached hereto.

Dated July 23, 2015                              Respectfully submitted,

                                                 By: s/ *Nathan M. Saunders*

                                                 Jonathan E. Pollard
                                                 Florida Bar No.: 83613
                                                 jpollard@pollardllc.com

                                                 Nathan M. Saunders
                                                 Florida Bar No.: 107753
                                                 nsaunders@pollardllc.com

                                                 Jonathan Pollard, LLC
                                                 401 E. Las Olas Blvd. #1400
                                                 Fort Lauderdale, FL 33301
                                                 Telephone: 954-332-2380
                                                 Facsimile: 866-594-5731

                                                 *Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE


I HEREBY CERTIFY that on July 21, 2015, counsel for the Parties conferred in good faith regarding the relief requested herein.  Plaintiff's counsel delivered written notice to Defendant's counsel that Plaintiff does not oppose the relief requested herein so long as (1) the deadline for Amendments has not yet passed; (2) Defendants' depositions – scheduled for July 29, 2015 – have not yet been taken; and (3) Defendants file a motion for leave to amend noting that the motion is unopposed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be electronically filed and electronically mailed to J. H. Zidell, Esq. (zabogado@aol.com) on July 23, 2015.


                                                 By: s/ *Nathan Saunders*