UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-60421-CIV-WJZ

CARLOS J MOCZA and all others similarly )
situated under 29 U.S.C. 216(b), )
                                                           )
              Plaintiff, )
   vs. )
                                                  )
AEROSPACE PRECISION METALS, INC., )
TINA D MULDOON, )
TIMOTHY J MULDOON, )
                                               )
              Defendants. )
_____ )

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENTAGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE

COME NOW the Parties, Plaintiff, CARLOS J MOCZA, and Defendants, AEROSPACE PRECISION METALS, INC., TINA D MULDOON, and TIMOTHY J MULDOON, by and through their respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement Agreement and Stipulated Dismissal with Prejudice, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claims for overtime wages and the alleged damages associated with same. Plaintiff's Complaint [DE1] alleges unpaid overtime wages under 29 U.S.C. 201-216. The Complaint alleges, specifically, that between the period of on or about March 20, 2011 through on or about May 23, 2014, Plaintiff worked as a salesperson an average of 57.5 hours a week for Defendants and was paid an average of $27.00 per straight time hour but was never paid anything at all for any hours worked over 40 hours in a week as required by the FLSA. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

Defendants deny Plaintiff's allegations and have asserted that Plaintiff's claims are barred, in whole or in part, due to Defendant's relationship with Plaintiff being exempt from the overtime wage requirements of the FLSA. Further, Defendants contend that Defendant is a retail or service establishment as that term is used under 29 U.S.C §207(i), at all times relevant hereto, Plaintiff's entire compensation (100%) was based upon commissions, and Plaintiff received deductible draws on that commission on a bi-weekly basis. It is also Defendants contention that Plaintiff's status as an employee employed in a bona fide administrative capacity operates to exempt Defendant(s) from the overtime requirements of the FLSA and regulations promulgated there under. Defendants also contend Plaintiff received all payments to which he was entitled and was properly compensated for all hours worked.

The Parties conducted discovery and served and responded to written discovery propounded on each other. During the course of discovery, the Parties explored, in good faith, the possibilities of settlement as contemplated by S.D. Fla. L.R. 16.1(B)(5), and have reached a settlement in the above-captioned case. Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants. Because Plaintiff is not receiving any monies as a result of settling the subject lawsuit, he has agreed to compensate his

counsel for fees and costs expended in litigating this matter. Both parties agree to bear their own fees and costs in connection with these proceedings.

Prior to Plaintiff initiating the subject lawsuit, Defendants brought a State Court Action which is now pending in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, styled *Aerospace Precision Metals Inc. v. Carlos Mocza and IN3 Aviation, Inc.,* Case No.: 15-003480 (08) (hereinafter referred to as the "State Court Action"). As expressly set forth in the attached Settlement Agreement (Exhibit "A"), as a material term of this Agreement and as consideration for Plaintiff's dismissal of this Litigation, Defendants shall dismiss with prejudice the claims pending against Plaintiff in the State Court Action that is currently pending against Plaintiff, his alias Julio Kalman, and IN3 Aviation, Inc., by way of an Agreed Order/Stipulation and shall file a Joint Stipulation of Dismissal with Prejudice no later than October 19, 2015.  Defendants will not dismiss the state court action as pertains to IN3 Aviation, Inc.  The Parties in the State Court Action have drafted a separate Settlement Agreement and Mutual Release that Plaintiff's Counsel J.H. Zidell, P.A., and all counsel associated with J.H. Zidell, P.A., have **not** participated in, have not negotiated the terms set forth therein, and have not received any remunerations whatsoever for attorneys' fees/costs/otherwise.

Finally, as a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement., see *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).The Parties' settlement agreement is attached hereto as Exhibit "A."

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the attached Settlement Agreement; (2) dismissing this action with prejudice pursuant to the Parties' stipulated settlement and dismissal; and (3) retaining jurisdiction over enforcement of the settlement.

DATED:  This 20th day of October, 2015.

| | |
|---|---|
| J.H. ZIDELL, P.A. | JONATHAN POLLARD, LLC |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |
| 300 71ST STREET, SUITE 605 | 401 E. LAS OLAS BLVD. #1400 |
| MIAMI BEACH, FLORIDA 33141 | FORT LAUDERDALE, FL 33301 |
| | |
| BY:  /S/ RIVKAH F. JAFF | BY: /S/NATHAN M. SAUNDERS |
| RIVKAH F. JAFF, ESQUIRE | NATHAN M. SAUNDERS, ESQUIRE |
| FLA. BAR NO. 107511 | FLORIDA BAR NO.: 107753 |
| PH: (305) 865-6766 | PH: (954) 332-2380 |
| FAX: (305) 865-7167 | FAX: (866) 594-5731 |
| RIVKAH.JAFF@GMAIL.COM | NSAUNDERS@POLLARDLLC.COM |

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFF
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141
        305-865-6766
        305-865-7167

        By:_s/ Rivkah F. Jaff, Esq. ___
        Rivkah F. Jaff, Esquire
        Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 10/20/15 TO:**

**NATHAN M. SAUNDERS, ESQ.**
**JONATHAN POLLARD, LLC**
**401 E. LAS OLAS BLVD. #1400**
**FORT LAUDERDALE, FL 33301**
**PH: (954) 332-2380**
**FAX: (866) 594-5731**
**EMAIL: NSAUNDERS@POLLARDLLC.COM**

  **BY:__/s/____Rivkah F. Jaff_____**
        **RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-60421-CIV-WJZ

CARLOS J MOCZA and all others similarly )
situated under 29 U.S.C. 216(b), )
 )
            Plaintiff, )
  vs. )
 )
AEROSPACE PRECISION METALS, INC., )
TINA D MULDOON, )
TIMOTHY J MULDOON, )
 )
           Defendants. )
_____ )

**ORDER APPROVING JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENTAGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE**

Having reviewed the Settlement Agreement between Plaintiff, CARLOS J MOCZA, and Defendants, AEROSPACE PRECISION METALS, INC.,TINA D MULDOON, and TIMOTHY J MULDOON, it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice regarding Plaintiff's claims against Defendants with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement.  Both parties shall bear their own fees and costs in connection with the subject lawsuit. And therefore, it is:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement is hereby **APPROVED** by the Court under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this case is **DISMISSED WITH PREJUDICE** with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** IN CHAMBERS, AT MIAMI, FLORIDA, THIS _____ DAY OF _____ 2015.

                                                                                _____

                                      WILLIAM J. ZLOCH
                                      UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record